ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 2 7 2006
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:05-CR-075-N |
| | § | |
| ERNESTO MEDRANO | § | |
| a.k.a. Big Ed (18) | § | |

## FACTUAL RESUME

It is hereby agreed by and between the defendant, Ernesto Medrano, his attorney, Roger E. Haynes, and the United States, that the following is true, correct and can be used in support of the defendant's plea of guilty:

## ELEMENTS OF THE OFFENSE

In order to prove the offense of conspiracy as alleged in the single count superseding indictment, the government must prove each of the following elements beyond a reasonable doubt:

*First:* That two or more persons, directly or indirectly, reached an agreement to distribute or possess with intent to distribute cocaine;

*Second:* That the defendant knew of the unlawful purpose of the agreement;

*Third:* That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and

*Fourth:* That the overall scope of the conspiracy involved at least five kilograms

Factual Resume - Page 1

of cocaine.

## STIPULATED FACTS

During 2004 and 2005, the government conducted a wiretap investigation into the activities of Roy Arredondo, Jr., Hector Ayala, Javier Soliz and others. It was learned through that investigation that Arredondo and others conspired together to distribute multiple kilograms of cocaine as well as marijuana and methamphetamine. Arredondo, working with others, would bring kilogram quantities of cocaine into the Dallas-Fort Worth area for further distribution. Once the kilograms arrived in Dallas, the cocaine would be distributed in kilogram and smaller quantities in the DFW area as well as in other locations.

It was learned during the investigation that Roy Arredondo would contact Ernesto Medrano and request that Medrano supply him with large quantities of cocaine. At the time of these intercepted conversations, Medrano was incarcerated in the Texas state prison system. Though incarcerated in state prison, Medrano would supply individuals with quantities of cocaine ~~and methamphetamine.~~

By way of example only, Medrano had a cocaine source of supply in El Paso, Texas. Medrano's supplier, working with several other individuals, imported large kilogram shipments of cocaine into Fort Bliss, Texas, on military flights originating in a source country. All of the United States military service members involved in this scheme have been caught and prosecuted based on this wiretap investigation. On January

Factual Resume - Page 2

7, 2005, Arredondo called Medrano and requested that Medrano sell him 10 kilograms of cocaine. Medrano told Arredondo that he could supply the 10 kilograms but that the kilograms were in El Paso, Texas. The price per kilogram, if Arredondo retrieved them from El Paso, would be $11,500.00. Medrano also quoted Arredondo other prices assuming Arredondo traveled to McAllen, Texas, to pick up kilograms from another source.

Medrano admits and acknowledges that from at least July of 2002 and continuing until April of 2005, in the Dallas Division of the Northern District of Texas and elsewhere, he and others knowingly and intentionally combined, conspired, confederated and agreed together and with each other to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(ii)(II). Medrano furthers admits that his conduct violated 21 U.S.C. § 846.

The above facts are true and correct:

_____
Chad E. Meacham
Assistant United States Attorney

_____          1/26/06
Ernesto Medrano                          Date
Defendant

_____          1/26/06
Roger E. Haynes                          Date
Attorney for Defendant

**Factual Resume - Page 3**